Argued and submitted April 3, affirmed November 22, 2000

In the Matter of the Marriage of

Virginia G. TERHAAR,
*Appellant,*

*and*

Jack T. POLANCE,
*Respondent.*

(CA A104528 (Control))

In the Matter of the Marriage of

Virginia G. TERHAAR,
*Respondent,*

*and*

Jack T. POLANCE,
*Appellant.*

(9802-61282; CA A105759)
(Cases Consolidated)

14 P3d 657

Margaret H. Leek Leiberan argued the cause and filed the briefs for appellant and respondent Virginia G. Terhaar.

Eric C. Larson argued the cause for respondent and appellant Jack T. Polance. With him on the briefs were Ann C. Postlewaite and Gevurtz, Menashe, Larson & Howe, P.C.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

In this domestic relations case, wife appeals a judgment of dissolution, assigning error to the trial court's division of real and personal property and its failure to award spousal support. Husband also appeals, assigning error to the trial court's award of attorney fees to wife. We affirm, writing only to address wife's contentions concerning the division of property.

Husband and wife were married for approximately six years, although they lived together for only four-and-one-half years. There are no minor children. Husband, age 48, is an attorney. Wife, age 49, has a master's degree in counseling, works as a counselor and psychotherapist, and is part owner of a counseling center.

Before the marriage, husband's parents gave him a substantial quantity of AMOCO stock. He also had several retirement accounts. In addition, husband had a savings account. Wife likewise possessed her own retirement accounts and owned a personal residence.

During the marriage, the parties had a difficult time agreeing on how to handle family finances. As a result, they established no joint banking accounts and no joint retirement accounts. They did purchase a marital residence, while they rented out wife's former residence. Meanwhile, husband purchased no additional shares of AMOCO stock. He made direct contributions to his retirement accounts during the first two years of the marriage, but the exclusive source of those contributions was his premarital savings account. Husband actively managed the investments in the retirement accounts. He did not consult wife, and wife offered no advice, as to those decisions. Wife did not have trading authority on any of the accounts and never made any trading or investment decisions as to them.

Throughout the marriage, both parties were employed outside of the home. During the first three years, the parties employed a weekly housekeeper. During the next year and a half, the parties shared the household chores. The parties dispute the extent to which each contributed to that

effort, but the record is clear that both husband and wife did yard work and house painting, washed dishes, vacuumed carpets, cooked meals, and performed various other house-keeping tasks. During the final year and a half of the marriage, wife did not live in the marital home.

By the time of trial, the AMOCO shares and husband's retirement accounts had appreciated in value by approximately $180,000. Wife's retirement accounts likewise appreciated substantially during the marriage.

The trial court awarded the AMOCO stock and husband's retirement accounts to husband. The court concluded that the appreciation in value of those assets was a marital asset, but it also concluded that husband had rebutted the presumption of equal contribution as to that appreciation. The court similarly awarded wife's retirement accounts— including the appreciation in value of those accounts—to wife. The court concluded that, because of the short-term nature of the relationship, and because husband and wife maintained those accounts separately during the marriage, the appreciation in their value should be treated as the separate assets of each party. The court also awarded the family residence to husband and the rental residence to wife, crediting wife with the equity that had accumulated from the time of the marriage. The court then ordered an equalizing judgment.

On appeal, wife argues that the trial court erred in failing to award her a share of the appreciation of the AMOCO stock and the retirement accounts. According to wife, because she performed "most" of the household chores, she should be considered a "homemaker" whose efforts made it possible for husband to devote time and energy to manage his stock and retirement accounts. Husband contends that wife, who worked outside the home throughout the marriage, was not a "homemaker," and there is no evidence that anything that she did directly or indirectly affected the entirely passive appreciation of his premarital assets. We agree with husband.

■     As pertinent, ORS 107.105(1)(f) (1997) authorized a court entering a decree of marital dissolution to make a further decree

"[f]or the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. * * * The court shall consider the contribution of a spouse as a homemaker as a contribution to the acquisition of marital assets. There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."[1]

The appreciation in the value of the AMOCO stock and the premarital retirement accounts during the marriage is a "marital asset" that is subject to the presumption of equal contribution. *Massee and Massee*, 328 Or 195, 206, 970 P2d 1203 (1999). The question in this case is whether husband has rebutted that presumption.

■ The presumption of equal contribution may be rebutted by evidence

"that the property was acquired by one spouse uninfluenced directly or indirectly by the other spouse, *i.e.,* the other spouse has contributed neither economically nor otherwise to the acquisition of the property in issue."

*Stice and Stice*, 308 Or 316, 325-26, 779 P2d 1020 (1989); *see also Taraghi and Spanke-Taraghi*, 159 Or App 480, 493, 977 P2d 453 (1999) (presumption of equal contribution "may be overcome by a showing that the other spouse did not contribute, either directly or indirectly, to the acquisition of the marital asset in question"); *Budge and Budge*, 150 Or App 209, 214, 945 P2d 1101 (1997) ("The presumption may be overcome when the party challenging the presumption establishes by a preponderance of the evidence that one spouse acquired the property 'uninfluenced' directly or indirectly by the other spouse.").

■ In this case, husband offered evidence that wife did not contribute directly to the appreciation of husband's AMOCO stock or his retirement accounts. The increase in value occurred without any contributions from marital assets. Indeed, there were no purchases of additional stock

---

[1] ORS 107.105 was substantially amended in 1999. The amendments, however, apply to petitions for dissolution filed on or after October 23, 1999. Because the petition in this case was filed before that date, the amendments do not apply.

during the marriage, and the only additions to the retirement funds came directly from husband's premarital savings account. Any gains in value were thus entirely passive in nature.

■ Wife does not dispute that evidence. She nevertheless argues that she indirectly contributed to the appreciation through her work as a homemaker. In *Massee*, the Supreme Court held that the work of a homemaker spouse must be considered a contribution to the acquisition. That does not mean, however, that evidence that one spouse worked as a homemaker automatically requires an equal division of marital assets. As the court explained in *Massee*, the analysis proceeds in two steps: First, the court must determine whether one spouse in fact functioned during the marriage as a homemaker, that is, " 'one whose occupation is household and family management.' " *Id.* at 202 (quoting *Webster's Third New Int'l Dictionary*, 1083 (unabridged ed 1993)). *See also* ORS 25.280(8) (child support departure factors include whether "[t]he desirability of the custodial parent remaining in the home as a full-time parent and homemaker"); ORS 107.105(1)(d)(F) (1997) (spousal support factors included whether "present and future earning capacity of a party is impaired due to the party's extended absence from the job market to perform the role of homemaker"). Second, if one spouse functioned as a homemaker, the court must determine "the magnitude and, thus, the legal effect of a homemaker's contribution to the acquisition of marital assets in accordance with the evidence in each case." *Massee*, 328 Or at 203.

■ In this case, there is no evidence that wife worked as a homemaker. Throughout the marriage, both parties were employed outside the home. For most of the time that the parties lived together, they hired a housekeeper. For the balance of the time, they shared the responsibilities of maintaining the household. Wife insists that she did most of the household chores during that time. But, even if that were true, it would not advance wife's contention. The fact that she may have washed the dishes or mowed the lawn more frequently than did husband does not necessarily make her a homemaker within the meaning of the statute. Whether wife

is a "homemaker" is determined by evidence that she managed the household. *Id.* at 202. There is no such evidence in this case.

■      Wife suggests that, in any event, she indirectly contributed to the appreciation in husband's premarital assets by working outside the home. According to wife, her income enabled the couple to maintain their standard of living without liquidating any of husband's stock and without invading the retirement accounts. Wife's suggestion is mere speculation, however. There is a complete absence of evidence that the parties' finances were such that, but for wife's income contributions, the parties would have turned to either the stocks or the retirement accounts to make ends meet.

We conclude that the trial court did not err in determining that husband rebutted the presumption of equal contribution as to the appreciation in value of the AMOCO stock and husband's retirement accounts.

Affirmed.